ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **MARÍA DEL ROSARIO RIVERA CAMACHO CARLOS GONZÁLEZ MORALES** PETICIONARIOS  **EX PARTE**  **MARÍA DEL ROSARIO RIVERA CAMACHO** PETICIONARIA(S)-PETICIONARIA(S)  **CARLOS GONZÁLEZ MORALES** PETICIONARIA(S)-RECURRIDA(S) **CGM AND ASSOCIATES ENVIRONMENTAL CONSULTANT, C.S.P.** TERCERO DEMANDADO-RECURRIDA(S) | **KLCE202300428** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **CAGUAS**  Caso Núm. **E DI2009-0496 (501)**  Sobre: Divorcio (Alimentos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Barresi Ramos, juez ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, hoy día 26 de octubre de 2023.

Comparece ante este Tribunal de Apelaciones, la señora **María Rivera Camacho** (señora **Rivera Camacho**) mediante un *Certiorari* instado el 19 de abril de 2023. En su recurso, nos solicita que revisemos la *Resolución* decretada el 27 de enero de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas.[1] Mediante la antedicha decisión, el foro primario declaró no ha lugar la *Moción en Solicitud de Traslado Administrativo* presentada el 5 de diciembre de 2022 por la señora **Rivera Camacho**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 30 de enero de 2023. Véase Apéndice del *Certiorari*, págs. 273- 280.

**– I –**

Los hechos en este caso se originan el 30 de abril de 2009, con la presentación de una petición sobre divorcio por los señores **Rivera Camacho** y **Carlos González Morales** (señor **González Morales**).[2] Durante el matrimonio, procrearon dos (2) hijos a saber: CJGR y SAGR. Entre otras cosas, la custodia de los menores CJGR y SAGR se otorgó a la señora **Rivera Camacho**, y se dispuso una pensión alimentaria a ser satisfecha por el señor **González Morales**.

Posteriormente, el 16 de abril de 2019, la señora **Rivera Camacho** presentó una *Moción Informativa* en la cual expuso haber dialogado con el señor **González Morales** y coordinado entregarle la custodia del menor SAGR.[3] En vista de ello, el 29 de abril de 2019, el tribunal *a quo* emitió *Resolución* otorgando la custodia legal del menor SAGR al señor **González Morales** y relevándole del pago de la pensión alimentaria en beneficio de dicho menor.[4] Así mismo, se refirió el caso a la consideración de la Examinadora de Pensiones Alimentarias para la revisión de la obligación de alimentos.

Se llevaron a cabo varias audiencias para la fijación de la pensión alimentaria ante la Examinadora de Pensiones Alimentarias Vanesa Pérez Ruiz ello desde el 24 de junio de 2019 hasta el 14 de septiembre de 2022.[5]

En la audiencia celebrada el 1 de junio de 2021, los señores **Rivera Camacho** y **González Morales** anunciaron una pensión alimentaria provisional mediante acuerdo verbal.[6] Ante ello, se recomendó establecer una pensión alimentaria provisional de

---

[2] La petición sobre divorcio no fue incluida como parte del Apéndice del *Certiorari* ante nuestra consideración. Tomamos conocimiento judicial mediante el sistema de Consulta de Casos del portal del Poder Judicial.

[3] Véase Apéndice del *Alegato en Oposición a Expedición de Certiorari*, págs. 1- 2.

[4] Este dictamen fue enmendado el 24 de mayo de 2019. Véase Apéndice del *Alegato en Oposición a Expedición de Certiorari*, pág. 3.

[5] El 29 de septiembre de 2022, a tenor con la Regla 63.1 (d) y (j), la Examinadora de Pensiones Alimentarias se inhibió del caso. Véase Apéndice del *Certiorari*, pág. 106.

[6] *Íd.*, págs. 118- 119.

$400.00 mensuales para beneficio del menor SAGR a satisfacerse directamente al señor **González Morales**. Así las cosas, el 6 de agosto de 2021, el foro de instancia dictó *Resolución y Orden* acogiendo la recomendación e imponiéndole la obligación de sufragar la suma de $400.00 mensuales a la señora **Rivera Camacho**.[7] Ello mediante pago por ATH Móvil a partir de junio de 2021. Además, se pautó nuevo señalamiento.

Tras varias incidencias procesales que no reseñaremos, el 14 de julio de 2021, la señora **Rivera Camacho** presentó una *Demanda contra Tercero.*[8] Arguyó que, como parte del descubrimiento de prueba, el señor **González Morales** había expresado ser el único accionista de la **Corporación CGM and Associates Environmental Consultans, C.S.P** (**Corporación CGM**); por lo que, solicitó descorrer el velo corporativo. Ello al entender que la referida corporación era un mero alter ego del señor **González Morales**, que ocultaba ingresos e impedía una evaluación justa en el caso de alimentos. Atendido el petitorio, el 30 de agosto de 2021, se intimó *Orden* disponiendo lo siguiente: "Debe presentar la acción civil independiente en otro pleito".[9] La señora **Rivera Camacho** solicitó reconsideración, más la misma fue declarada no ha lugar.[10]

En desacuerdo, el 9 de septiembre de 2021, la señora **Rivera Camacho** acudió ante este Tribunal de Apelaciones mediante un recurso de *Certiorari* asignado el alfanumérico KLCE202101097.[11] El 27 de enero de 2022, un panel hermano expidió el mencionado recurso de c*ertiorari* y revocó la determinación recurrida, al razonar que el foro de instancia había errado al no permitir emplazar a la **Corporación CGM**, puesto que, según consignó, era la única forma

---

[7] Véase Apéndice del *Certiorari*, pág. 120.
[8] *Íd.*, págs. 42-51.
[9] *Íd.*, pág. 51A.
[10] La reconsideración y lo dispuesto por el TPI no fue incluido en este expediente. Advinimos en conocimiento mediante la *Sentencia* dictaminada el 27 de enero de 2022 en el caso KLCE202101097.
[11] Véase Apéndice del *Certiorari*, págs. 24- 34.

en que el foro recurrido podía evaluar en una audiencia evidenciaria si se cumplía con los requisitos para descorrer el velo corporativo.[12]

El 5 de febrero de 2022, la representación legal del señor **González Morales** solicitó la renuncia al caso, toda vez que fue nombrado Juez Superior.[13] El 28 de febrero de 2022, el tribunal primario dictaminó una *Resolución* declarando ha lugar la renuncia, y concediendo un plazo de veinte (20) días para anunciar nueva representación legal.[14] Así pues, el 10 de mayo de 2022, la licenciada Ingrid Alvarado Rodríguez presentó *Moción Asumiendo Representación Legal.*[15]

El 12 de agosto de 2022, el foro *a quo* determinó *Orden* pautando una audiencia para el 9 de septiembre de 2022 a las 9:30 de la mañana, ello relacionada a la *Sentencia* del caso KLCE202101097.[16] El 8 de septiembre de 2022, la señora **Rivera Camacho** presentó escrito intitulado *Extremadamente Urgente Moción Informativa* solicitando la recalendarización del señalamiento, puesto que coincidía con una recomendación médica de descanso de la licenciada Yarilis Rivera Vega (licenciada Rivera Vega), su representación legal, por espacio de tres (3) semanas.[17] En conformidad con la *Minuta,* ante la ausencia de la representación legal de la señora **Rivera Camacho**, la vista evidenciaria fue reseñalada para el 7 de octubre de 2022 a las 10:00 de la mañana.[18]

Surge de la transcripción de la audiencia celebrada el 7 de octubre de 2022, que comparecieron los señores **Rivera Camacho** y **González Morales**, así como sus respectivas representaciones

---

[12] Véase Apéndice del *Certiorari*, pág. 34.
[13] *Íd.*, págs. 35-36.
[14] La *Resolución* fue notificada el 4 de marzo de 2022. *Íd.*, pág. 37.
[15] La antedicha moción no fue incluida en el expediente ante nuestra consideración. Tomamos conocimiento judicial a través del expediente digital en el sistema de Consulta de Casos en el Portal del Poder Judicial.
[16] Véase Apéndice del *Certiorari*, pág. 80.
[17] *Íd.*, págs. 87- 89.
[18] *Íd.*, págs. 103- 104.

legales.[19] La audiencia estuvo presidida por la juez María del Pilar González Moreno, ello debido a que el juez Anthony R. Negrón Villaderfrancos, tuvo una situación familiar.[20] Durante la audiencia, la licenciada Rivera Vega argumentó que no se podía llevar a cabo dicha audiencia evidenciaria puesto que la *Demanda contra Tercero* no había sido contestada. Ante ello, se concedió un término de veinte (20) días para presentar una contestación.

Por otro lado, el señor **González Morales** y la **Corporación CGM,** mediante la licenciada Ingrid Alvarado Rodríguez (licenciada Alvarado Rodríguez), solicitaron que se refiriera el caso a la Examinadora de Pensiones Alimentarias para la imposición de una pensión alimentaria provisional.[21] En desacuerdo, la señora **Rivera Camacho** sostuvo que se había determinado una pensión alimentaria provisional, y no se podía celebrar la audiencia hasta que no se trajese el ingreso de la corporación.[22] Escuchados los argumentos de las partes, la juez González Moreno expresó que se haría el referido a la Examinadora de Pensiones Alimentarias y reseñaló la audiencia para el 18 de noviembre de 2022.[23]

El 27 de octubre de 2022, la **Corporación CGM** presentó su *Contestación a Demanda contra Tercero.*[24] Más tarde, en la audiencia pautada para el 18 de noviembre de 2022, el juez Negrón Villaderfrancos expuso que convertiría la misma en una de estado de los procedimientos, puesto que: (i) había una contestación a la *Demanda contra Tercero* y, (ii) en dicha demanda, se había realizado una solicitud de desestimación, por lo que iba a conceder un periodo de tiempo para que se contestase la misma.[25] La señora **Rivera**

---

[19] Véase Apéndice del *Certiorari*, págs. 341- 364.
[20] *Íd.*, pág. 343.
[21] El 7 de octubre de 2022, la licenciada Alvarado Rodríguez asumió la representación legal de la **Corporación CGM**. Véase Apéndice del recurso de *Certiorari*, págs. 113- 114 y pág. 351, líneas 9- 24; pág. 352, líneas 12- 16.
[22] *Íd.*, pág. 353, líneas 23 y 24.
[23] *Íd.*, pág. 359, línea 13.
[24] *Íd.*, págs. 124- 127.
[25] *Íd.*, pág. 369, líneas 22 y 23; pág. 370, líneas 1-4.

**Camacho** expuso que el cuerpo de la contestación aludida no expresaba nada sobre la desestimación, y únicamente existía una oración solicitando la misma. Es decir, que la desestimación no estaba fundamentada.[26] Ante ello, el señor **González Morales** y la **Corporación CGM** solicitaron un plazo de diez (10) días para presentar la moción de desestimación "en propiedad".[27] El juez Negrón Villaderfrancos concedió el término solicitado y expresó que tomaría la moción como una "complementando, verdad a la solicitud que ya usted hizo en la contestación".[28]

Después, el juez Negrón Villaderfrancos ordenó a los señores **Rivera Camacho** y **González Morales** a salir de sala, y les pidió a las representaciones legales que se acercaran al estrado. Allí, tanto las licenciadas Rivera Vega y Alvarado Rodríguez se increparon por incidentes ocurridos durante el transcurso del pleito, tanto en sala como mediante sus comunicaciones fuera del tribunal. El juez Negrón Villaderfrancos enunció que entendía existía una percepción distinta en los estilos de comunicación, y debían resolver el asunto fuera del Tribunal, pues este no intervendría.[29]

Así las cosas, el 5 de diciembre de 2023, la señora **Rivera Camacho** presentó una *Moción en Solicitud de Traslado Administrativo*.[30] Por medio de esta, hizo un recuento de lo ocurrido en las audiencias celebradas los días 7 y 18 de octubre de 2022. En esencia, sostuvo que el foro recurrido había actuado "con clara manifestación de parcialidad" y ello arrojaba "serias dudas sobre la parcialidad que se espera de los Tribunales y mina la confianza [del] sistema de justicia".[31] Alegó que durante la audiencia celebrada el 18 de noviembre de 2022, se concedió un término no solicitado a la

---

[26] Véase Apéndice del *Certiorari*, pág. 382, líneas 11- 14.
[27] *Íd.*, pág. 386, líneas 1- 9.
[28] *Íd.*, pág. 386, líneas, 15- 17.
[29] *Íd.*, págs. 214- 220 y 391- 416.
[30] *Íd.*, págs. 187- 201.
[31] *Íd.*, pág. 199.

**Corporación CGM** para fundamentar una solicitud de moción de desestimación que tampoco había sido presentada. Alegó que la sustitución o cambio de juez no era una alternativa, puesto que todos los jueces del Tribunal de Caguas habían sido compañeros de la licenciada Alvarado Rodríguez. Finalmente, solicitó que, de acoger la solicitud de traslado, el mismo no fuera al Tribunal de Humacao, toda vez que el abogado que previamente fue representación legal del señor **González Morales** en el pleito, laboraba como Juez Superior en dicho lugar.

El 13 de diciembre de 2022, el señor **González Morales** y la **Corporación CGM** comparecieron en conjunto mediante *Moción en Torno a Solicitud de Traslado Administrativo*, sosteniendo que la aludida solicitud se reducía a un "ataque directo a la reputación y buen nombre" de la licenciada Acevedo Rodríguez.[32] Adujeron que la solicitud de traslado era un "táctica dilatoria para continuar evadiendo la audiencia en sus méritos para determinar si se descorre o no el velo de la corporación".[33] Por último, sostuvieron que no existía ninguna prohibición que impidiera que la licenciada Alvarado Rodríguez representara a ciudadanos por haber ocupado un puesto en la Judicatura.

El 16 de diciembre de 2022, la señora **Rivera Camacho** presentó *Moción Reiterando Solicitud de Traslado y en Réplica a Moción en Torno a Solicitud de Traslado y sic.*[34] En su escrito, insistió en que existía una apariencia impropia. Tras unas prórrogas concedidas, el 17 de enero de 2023, el señor **González Morales** y la **Corporación CGM** comparecieron mediante *Moción en Solicitud de Remedio Urgente en Torno a Solicitud de Traslado Administrativo*.[35] Al día siguiente, 18 de enero de 2023, la señora **Rivera Camacho**

---

[32] Véase Apéndice del *Certiorari*, págs. 225- 229.
[33] *Íd.*, pág. 226.
[34] *Íd.*, págs. 232- 239
[35] *Íd.*, págs. 247- 251.

presentó *Réplica a Moción en Solicitud de Remedios Urgentes en Torno a Solicitud de Traslado Administrativo*.[36] El 24 de enero de 2023, el señor **González Morales** y la **Corporación CGM** presentaron *Dúplica a Réplica a los Únicos Efectos de Aclarar el Tracto Procesal*.[37]

En consecuencia, el 27 de enero de 2023, se pronunció *Resolución* declarando no ha lugar la solicitud de traslado. En este dictamen, se concluyó lo siguiente:

> Luego de una evaluación de las alegaciones de la señora Rivera Camacho resolvemos que la señora Rivera Camacho no demostró que algún empleado o empleada, funcionario o funcionaria, juez o jueza de esta Región Judicial esté o estuviera con ánimo prevenido en su contra. Sus fundamentos no son suficientes para generar dudas sobre las actuaciones de esta Región Judicial que la inhabiliten para que se ventile el caso de epígrafe.
>
> En fin, luego de estudiar las alegaciones de la señora Rivera Camacho, concluimos que no se ha demostrado con hechos específicos que el funcionariado y/o los señores jueces y juezas de esta Región Judicial estén parcializados o estén prejuzgando la controversia de manera tal, que pudiera resultar en menoscabo de los derechos de la señora Rivera Camacho o que tienda a minar la confianza en el sistema de justicia o que atisbe la existencia de prejuicio personal hacia la señora Rivera Camacho.
>
> Evaluadas las posiciones de ambas partes, resolvemos que la señora Rivera Camacho no ha presentado hechos concretos y específicos que evidencien el supuesto perjuicio que le ocasionaría si esta causa se ventila en la Región Judicial de Caguas.

En desacuerdo, el 13 de febrero de 2023, la señora **Rivera Camacho** presentó su *Moción de Reconsideración*.[38] A grandes rasgos, sostuvo que se pasó por alto señalamientos específicos de apariencia impropia. El 7 de marzo de 2023, se intimó *Orden* concediendo un periodo de quince (15) días al señor **González Morales** y la **Corporación CGM** para replicar.[39] El 10 de marzo de

---

[36] Véase Apéndice del *Certiorari*, págs. 261- 262.
[37] *Íd.*, págs. 266- 270.
[38] *Íd.*, págs. 281- 308.
[39] *Íd.*, pág. 418.

2023, estos presentaron una *Moción en Cumplimiento de Orden y [en] Torno a Moción de Reconsideración.*[40]

Finalmente, el 17 de marzo de 2023, se decretó *Resolución* declarando no ha lugar la solicitud de reconsideración.[41]

Inconforme con ese proceder, el 19 de abril de 2023, la señora **Rivera Camacho** recurrió ante este foro revisor mediante un *Certiorari*. En el recurso que nos ocupa, se formularon los siguientes errores:

> Erró el Tribunal de Primera Instancia Sala de Caguas al denegar la Solicitud de Traslado Administrativo solicitada por la peticionaria, pasando por alto señalamientos específicos de apariencia impropia y sin evaluar la totalidad de los asuntos esenciales y particulares de este caso, que fueron citados directamente de la regrabación de los procesos.
>
> Erró el TPI al determinar que la peticionaria no demostró que algún empleado o empleada, funcionario o funcionaria, juez o jueza de esta región judicial, esté o estuviera con ánimo prevenido en su contra.
>
> Erró el TPI al determinar que los señalamientos de la peticionaria "no son suficientes para generar dudas sobre las actuaciones que inhabiliten a la Región Judicial de Caguas para que se ventile el caso de epígrafe.

El 4 de mayo de 2023, intimamos *Resolución* en la cual, entre otros asuntos, concedimos un plazo perentorio de diez (10) días al señor **González Morales** y a la **Corporación CGM** para mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 12 de mayo de 2023, el señor **González Morales** y la **Corporación CGM** comparecieron mediante escrito intitulado *Primera Comparecencia y en Solicitud de Breve Prórroga para Presentar Alegato en Oposición a Expedición de Auto de Certiorari*, solicitando un plazo adicional de quince (15) días para oponerse al recurso incoado. Concedida la prórroga mediante *Resolución* dictaminada el 12 de mayo de 2023, el pasado 5 de junio,

---

[40] Véase Apéndice del *Certiorari*, págs. 421- 423.
[41] *Íd.*, pág. 425.

el señor **González Morales** y la **Corporación CGM** presentaron su *Alegato en Oposición a la Expedición del Auto del Certiorari* planteando que no se cumplen los criterios para expedir el auto de *certiorari*, de conformidad a la Regla 40 del Reglamento del Tribunal de Apelaciones.

Evaluado concienzudamente el expediente del caso, contando con el beneficio de la comparecencia de ambas partes, y habiendo examinado minuciosamente la transcripción de la prueba oral estipulada, nos encontramos en posición de resolver. Detallamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

**– II –**

**- A -**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[42] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[43]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[44] Sin embargo, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho."[45]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones

---

[42] *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65; 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[43] *Íd.*
[44] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[45] *Íd.*

contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[46] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo."[47]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[48]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[49]

**- B -**

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[50] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari.* A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;

---

[46] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[47] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[48] 4 LPRA Ap. XXII-B; *IG Builders v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[49] 4 LPRA Ap. XXII-B, R. 40. *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[50] *McNeil Healthcare v. Mun. Las Piedras I, supra,* en la pág. 404; *800 Ponce de León v. AIG, supra.*

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[51]

Es preciso aclarar que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[52] Esto es, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[53] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[54] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[55]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[56] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

---

[51] 4 LPRA Ap. XXII-B, R. 40. *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[52] *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005).

[53] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83 (2008).

[54] *Feliberty v. Soc. de Gananciales,* 147 DPR 834, 837 (1999).

[55] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486- 487 (2019); *Mun. Caguas v. JRO Construction, Inc.*, supra.

[56] *García v. Asociación,* 165 DPR 311, 322 (2005).

que nuestra intervención en esa etapa evitará un perjuicio sustancial".[57]

## – III –

La Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, limita las instancias en las que un dictamen interlocutorio es susceptible de revisión por este Tribunal. Por tanto, el primer criterio que debe cumplir todo recurso de *certiorari* para ser expedido es estar incluido en alguno de los incisos de la antedicha Regla.

Analizada la *Resolución* impugnada al amparo de lo anterior, entendemos que estamos facultados para revisar la determinación recurrida. Ahora bien, tras un ponderado examen del recurso de *certiorari*, las alegaciones de las partes, el derecho aplicable y los documentos que obran en el expediente, a la luz de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos abstenernos de nuestra función revisora. El dictamen recurrido es correcto y entendemos que los errores alegados no fueron cometidos por lo cual no estaremos interviniendo con el dictamen recurrido.

Por otro lado, es menester señalar que, como se observa de los hechos previamente reseñados, en este caso han ocurrido un sinnúmero de incidencias procesales que han provocado una considerable dilación de los procedimientos, dificultando que se fije una pensión alimentaria *final* a favor del menor SAGR. No podemos perder de vista que los asuntos sobre alimentos de menores están revestidos de un alto interés público, y los mismos deben atenderse de forma rápida y eficiente. Apercibimos a ambas representaciones legales que los Cánones de Ética Profesional les exige desplegar la

---

[57] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

diligencia necesaria para evitar que se causen dilaciones indebidas en la tramitación y solución de las causas.[58]

Finalmente, precisamos que nada impide que las partes puedan recurrir nuevamente, de entenderlo necesario, una vez el foro primario adjudique, en sus méritos, la totalidad de las controversias que están subjudice sobre alimentos. En otras palabras, la denegatoria a la expedición del auto de *certiorari* no prejuzga este caso.

**– IV –**

Por los fundamentos expuestos, ***denegamos*** la expedición del auto de *certiorari* incoado el 19 de abril de 2023 por la señora **Rivera Camacho**, de conformidad con la Regla 40 del Tribunal de Apelaciones, *supra.* Al amparo de la **Regla 35 (A)(1) de nuestro Reglamento,** el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[59]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[58] Código de Ética Profesional de 24 de diciembre de 1970, según enmendado, Canon 12.

[59] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.